IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERICK JAVIER SANTOS BEY, | * | |
| Petitioner, | * | |
| v | * | Civil Action No. MJM-23-149 |
| WARDEN ROBERT DEAN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM

Pending are several motions filed by self-represented Petitioner Erick Javier Santos Bey, which shall be addressed in turn.

On March 11, 2024, Petitioner filed Motions for Default Judgment and for Summary Judgment. ECF Nos. 20, 21. In his Motion for Default Judgment, Petitioner argues that Federal Rule of Civil Procedure 55 requires that default judgement be entered because Respondents failed to respond to the Petition. ECF No. 20. In his Motion for Summary Judgment, Petitioner claims his conclusory statements that various of his constitutional rights were violated are "undisputed facts," contending that "it is obvious that I am unlawfully incarcerated." ECF No. 21.

On March 15, 2024, Respondents filed an opposition response to these Motions, and Petitioner filed a reply. ECF Nos. 22, 23. Respondents argue that the Motion for Default Judgment should be denied because they timely responded to the Petition. *Id*. at 2. Respondents are correct. On December 28, 2023, Respondents were directed to file an answer to the Petition within forty days; Respondents' answer was due on February 6, 2024. ECF No. 15. On February 2, 2024, Respondents moved for an extension of time to March 7, 2024, which was granted. ECF Nos. 17, 18. On March 7, 2024, Respondents timely filed their Limited Answer to the Petition. ECF No.

19. Because Respondents timely responded to the Petition, the Motion for Default Judgment will be denied.

In his Motion for Summary Judgment, Petitioner essentially asks this Court to address the merits of his Petition. ECF No. 21. However, Respondents have filed a Limited Answer, arguing that most of Petitioner's claims are procedurally defaulted. ECF No. 19. If Petitioner's claims are procedurally defaulted, the Court cannot consider their merits. Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post conviction relief). A procedural default also may occur where a state court declines "to consider [the] merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.*, the conviction of one who is actually innocent.[1] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

The Court has not yet made a determination regarding Respondents' procedural default argument and will do so in due course, after Petitioner has been given an opportunity to respond. Petitioner shall be granted 28 days to file a reply, if he so chooses, responding to all arguments raised by Respondents and explaining why his claims are not procedurally barred. Petitioner is reminded that it is not necessary to repeat facts and arguments already presented in the original petition. Instead, the response should focus on explaining why his claim has not been defaulted or, if it has been, what "cause" excuses the default and what prejudice would result if the claim is

---

[1] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

barred. Petitioner may also attempt to explain why the failure to consider the claim on the merits would result in the continued confinement of one who is actually innocent. Sworn affidavits and additional documents, if they support the argument raised, may be submitted with the response.

As to Petitioner's remaining claim that he was denied access to courts when his direct appeal was dismissed for failure to submit transcripts, Petitioner's Motion for Summary Judgment is simply a reiteration of that claim; the claim will be addressed upon disposition of the Petition. *See id*. at 2. Accordingly, Petitioner's Motion for Summary Judgment will be denied without prejudice. Petitioner will be granted time in which to supplement his response to Respondents' Limited Answer to include any arguments he may have made in the Motion for Summary Judgment that would be more appropriately made in a reply to Respondents' Limited Answer.

Next, Petitioner has filed several requests for copies of various documents. ECF Nos. 24, 26, 27, and 30. On June 17, 2024, Petitioner filed correspondence requesting "[d]isclosure of all criminal bonds, bonding, or otherwise." ECF No. 24. The request appears to be for copies of state court records. Construed as a Motion for Discovery, this motion is denied. Discovery is not available as a matter of right in habeas corpus cases. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides, in relevant part, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Petitioner has shown no good cause to justify his request.

On September 20, 2024, Petitioner filed a Freedom of Information Act ("FOIA") addressed to the Assistant Attorney General. ECF No. 26. In response, counsel for Respondents generously forwarded the request to the appropriate parties who then provided the requested copies to Petitioner. *See* ECF No. 28.

4

On October 18, 2024, and December 2, 2024, Petitioner requested copies of documents he filed with the Court, in order to confirm their receipt. ECF Nos. 27, 30. The requests will be denied. Instead, Petitioner will be provided a copy of the docket sheet, which reflects each of his filings that have been received and docketed.

Finally, on November 26, 2024, Petitioner filed a Motion for Declaratory Judgment. ECF No. 29. The Motion argues that because Respondents did not oppose his "Rule 5.1 – Constitutional Challenge to a State Statute – Notice, Certification, and Intervention," they are in default. *Id*.; *see also* ECF No. 25. The Motion goes on to reiterate the same claims and arguments made in the Petition and various other filings and appears to be another attempt to gain a ruling on the merits of the Petition notwithstanding that the claims may be procedurally defaulted. Once again, the merits of the claims will be addressed only if they are not procedurally defaulted as suggested by Respondents. There is no legal mechanism for a finding of default as requested by Petitioner. Therefore, the motion shall be denied.

A separate Order follows.

 2/10/25                                                      /S/
Date                                                          Matthew J. Maddox
                                                              United States District Judge