IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERICK JAVIER SANTOS BEY,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. MJM-23-149 |
| **WARDEN ROBERT DEAN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,** | * * | |
| Respondents. | * | |

\* \* \* \* \*

## MEMORANDUM

Erick Javier Santos Bey filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1, 6. Respondents filed an answer to the petition asserting it must be dismissed because the claims are either procedurally defaulted or lack merit. ECF 19. Santos Bey filed a reply. ECF 23. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition shall be dismissed, and a certificate of appealability shall not issue.

### I.   BACKGROUND

**A. Trial**

Santos Bey was indicted on June 25, 2021, in the Circuit Court for Charles County on charges of theft, forgery, and issuing a false document. ECF 19-1 at 57–60. According to the Application for the Statement of Charges, Santos Bey obtained a van from Waldorf Ford using a fraudulent check. *Id.* at 56. Shortly after the Circuit Court indictment was issued, Santos Bey began filing pro se motions, primarily asserting three issues. The motions challenged the Circuit Court's

jurisdiction based on his status as a Moorish American no fewer than 54 times[1] (ECF 19-1 at 62–64, 67, 71–83, 88–95, 97–100, 131–41, 151–61, 162–70, 179–81, 183–95, 208–10, 225–27, 258–64, 267–69, 270–72, 276, 278–80, 290–94, 304–06, 342–45, 357–66, 367–73, 378–86, 400–04, 422–31, 447–48; ECF 19-2 at 40–46, 60–70, 88–103, 129–33, 169–80; ECF 19-3 at 23–24, 35–41); challenged the constitutionality of the Maryland statutes under which Santos Bey was charged no fewer than 9 times (ECF 19-1 at 84–87, 115–19, 168–70, 273–76, 336–41, 432–37; ECF 19-2 at 129–33, 208–12; ECF 19-3 at 77–87); and attempted to "settle" the charges against him with purported Government Securities Act ("GSA") bonds no fewer than 13 times (ECF 19-1 at 120–21, 157–61, 182, 212–15, 320–28, 402–06, 407–08; ECF 19-2 at 71–79, 85–87, 107; ECF 19-3 at 68–73, 93). At least once before trial, the trial court ruled on each of these three issues in writing and during a pretrial trial hearing. ECF 19-1 at 261–64, 273–76, 278–80, 300–03, 304–05, 320–28, 355–56.

Santos Bey's arraignment was held on September 3, 2021, and his trial was scheduled for January 5, 2022. ECF 19-1 at 128–30. Santos Bey's request for bail was denied. *Id.* On January 5, 2022, the trial was postponed to April 6, 2022. *Id.* at 265–66. At a bond review hearing on January 12, 2022, Santos Bey was released to home confinement with an electronic monitoring bracelet. *Id.* at 287–89.

Unhappy with the postponement of the trial date, Santos Bey filed a Petition for a Writ of Mandamus with the Supreme Court of Maryland[2] on February 4, 2022. *Id.* at 313–17. He complained that the trial court failed to rule on his 80-plus motions and continued the trial date

---

[1] It appears that Santos Bey adheres to the principles espoused by the "flesh and blood" American Moorish movement and "sovereign citizen" movements, which have been uniformly rejected as frivolous by this and other courts across the country. "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011).

[2] The Supreme Court of Maryland was then known as the Maryland Court of Appeals.

over his objection and in violation of his constitutional speedy trial rights. *Id.* The Maryland Supreme Court summarily denied Santos Bey's petition on February 24, 2022. *Id.* at 332.

Santos Bey's trial proceeded on April 6, 2022, and on April 7, 2022, the jury found him guilty on all three counts. *Id.* at 394–96. On May 26, 2022, the trial court sentenced Santos Bey to eight years per count, to be served concurrently. ECF 19-2 at 37–39.

Following his conviction, Santos Bey filed a petition for a writ of mandamus with the Maryland Supreme Court to compel the Charles County Clerk of Court to "process the (GSA) Miller bonds that have been filed in this case and discharged this case." *Id.* at 85–87. The Maryland Supreme Court denied the petition summarily. *Id.* at 107.

### B. Direct Appeal

Santos Bey appealed his conviction to the Appellate Court of Maryland.[3] *Id.* at 28–35. He filed a pro se brief asserting ten assignments of error: (1) Violation of Santos Bey's Fifth Amendment rights by failing to rule on his motions; (2) he statutes applied to convict him are unconstitutional; (3) as a Moorish American, he was misidentified and denationalized when identified as Erick Anthony Santos; (4) violation of his Sixth Amendment rights to a speedy trial; (5) violation of his Eighth Amendment right to bail and pretrial release; (6) denial of his motion to suppress; (7) no valid claim against him; (8) violation of his right to choose between a bench and jury trial; (9) copyright infringement against a business name; (10) improper venue and jurisdiction. *Id.* at 134–60. The state filed a motion to dismiss the appeal, arguing that Santos Bey failed to file the required transcript along with his appeal. *Id.* at 161–67. The Appellate Court of Maryland issued a Rule to Show Cause directing Santos Bey to demonstrate why the appeal should not be dismissed for his failure to provide the trial transcript. *Id.* at 168.

---

[3]   The Appellate Court of Maryland was then known as the Maryland Court of Special Appeals.

Santos Bey made numerous attempts to obtain the trial transcript for free. Before trial, he filed two motions with the trial court, ECF 19-1 at 374–77, 397, and was directed by the Clerk of Court to a website where he could order and pay for the transcript, *id.* at 387, 438. After his conviction, Santos Bey again asked the trial court for a free copy of the transcript and was again directed to the website where he could order and pay for one. *Id.* at 441. Santos Bey sought a writ of mandamus with the Maryland Supreme Court, *id.* at 444–46, which was denied, ECF 19-2 at 36. He also sought a writ of mandamus with the Appellate Court of Maryland, ECF 19-1 at 461–64, which denied the writ for lack of jurisdiction, ECF 19-2 at 47.

Santos Bey responded to the state's motion to dismiss the appeal of his conviction with yet another petition for a writ of mandamus to the Appellate Court of Maryland seeking a free copy of the trial transcript. The Appellate Court of Maryland dismissed Santos Bey's appeal "for the appellant's failure to provide the transcripts necessary for consideration of this appeal." *Id.* at 207. The Maryland Supreme Court denied Santos Bey's subsequent Petition for a Writ of Certiorari. *Id.* at 214–26, 245.

### C. Federal Habeas Proceedings

Santos Bey filed his petition for writ of habeas corpus in this Court on January 18, 2023, and a supplemental petition on March 31, 2023. ECF 1; ECF 6. Between the two petitions, Santos Bey alleges ten claims for relief: (1) the trial court lacked jurisdiction and venue, ECF 1 at 1–4; (2) the trial court violated his due process rights by failing to rule on his motions, *id.* at 4–6; (3) the trial court violated his Eighth Amendment rights by denying bail, *id.* at 6–8; (4) the trial court violated his Sixth Amendment rights to a speedy trial, *id.* at 8–10; (5) his appeal was dismissed for failure to provide a transcript, *id.* at 10–12; (6) false claims were made against him by a non-injured party or witness, *id.* at 12–14; (7) the statutes used to prosecute him are unconstitutional

because they lack an enactment clause, *id.* at 14–15; (8) no crime was committed, and the dispute was a civil matter, *id.* at 15–16; (9) compelled benefits being used as prima facie evidence, *id.* at 16–17; and (10) the trial court refused to process his GSA bonds, ECF 6-1 at 22–27.[4] Respondents argue that Ground Five does not state a violation of federal law and the remaining grounds are procedurally defaulted. ECF 19 at 41–48.

## II. PROCEDURAL DEFAULT

A claim may not be raised for the first time in a federal habeas petition. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001). "The procedural default doctrine bars a claim when the habeas petitioner 'fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (citing *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (internal quotation marks and citation omitted)). "To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court." *Breard*, 134 F.3d at 619. A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted."). As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his

---

4  The claims have been rephrased for clarity.

federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Appellate Court of Maryland and then to the Supreme Court of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within ten years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101–7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Appellate Court of Maryland. *Id.* § 7-109. If the Appellate Court of Maryland denies the application, there is no further review available, and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Respondents contend that every ground for relief except Ground Five is procedurally defaulted. The Court agrees.

Respondents argue Grounds One, Two, Three, Four, Six, Seven, and Eight are procedurally defaulted because Santos Bey's direct appeal was dismissed on an independent and adequate state ground. ECF 19 at 43–48. Specifically, the Appellate Court of Maryland granted the state's motion to dismiss Santos Bey's appeal pursuant to Md. Rule 8-602 because he failed to provide a copy of the trial transcript. *Id.* at 44. Grounds One, Two, Three, Four, Six, Seven, and Eight are procedurally defaulted because, while these claims were included in Santos Bey's direct appeal, the appeal was dismissed on procedural grounds and Md. Rule 8-602 is an independent

6

and adequate state ground that bars federal review. *See Laury v. Maryland Att'y Gen.*, Civ. No. SAG-21-226, 2021 WL 3603044, at *7 (D. Md. Aug. 13, 2021).

Next, Respondents argue that that Grounds Nine and Ten are procedurally defaulted because "Santos Bey did not present them at all to available state courts." ECF 19 at 42. The Court finds that Grounds Nine and Ten are indeed procedurally defaulted. The record reflects that Grounds Nine and Ten were not included in Santos Bey's direct appeal to the Appellate Court of Maryland (*see* ECF 19-2 at 134–160).[5] *See Breard*, 134 F.3d at 619 (stating that a procedural default occurs when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred).[6]

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider

---

[5] While Santos Bey did present the substance of Grounds Two, Four, and Ten to the Maryland Supreme Court by petition for a writ of mandamus (*see* ECF 19-1 at 313–17; ECF 19-2 at 85–87) and a writ of mandamus is an available procedure in Maryland to challenge an action of the trial court in a criminal proceeding, *see State v. Manck*, 385 Md. 581, 587 (2005), the mandamus petition fails to exhaust Santos Bey's claims because it is not part of "one complete round" of Maryland's "established *normal* appellate review process[,]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added).

[6] Santos Bey would be unable to present these claims in a post-conviction petition. They would be procedurally barred by Md. Code Ann., Crim. Proc. § 7-106(b)(1)(h) because he failed to bring the claims on direct appeal. In any event, the Court finds that the claims lack merit. *See* 28 U.S.C. § 2254(2). Grounds Nine and Ten are primarily grounded in Santos Bey's assertion of his status as a Moorish American. Courts have repeatedly rejected such claims, both in the context of challenging the jurisdiction of criminal courts and in civil cases challenging the propriety of the plaintiff's incarceration. *See, e.g.*, *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) (rejecting a claim that a federal court lacked jurisdiction over a Moorish American because "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a district court's jurisdiction in criminal prosecutions"); *Bond v. N. Carolina Dep't of Corr.*, No. 3:14-CV-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) (stating that "courts have repeatedly rejected arguments" that a plaintiff is not subject to federal or state law because of their Moorish-American citizenship); *Jones-El v. South Carolina*, No. 5:13-CV-01851-JMC, 2014 WL 958302, at *8 (D.S.C. Mar. 11, 2014) (rejecting claim based on status as Moorish American as "completely frivolous, whether raised under § 2254, § 2241, or by way of a civil complaint"); *Hampton v. City of Durham*, No. 1:10CV706, 2010 WL 3785538, at *2–3 (M.D.N.C. Sept. 22, 2010) (collecting cases and holding that "[a]ny claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are frivolous").

the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 495–96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620. To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Murray*, 477 U.S. at 494. Under the second exception, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

The Court interprets Ground Five as asserting "cause" to excuse the procedural default of the claims included in Santos Bey's direct appeal.[7] In Ground Five, Santos Bey contends that the Appellate Court of Maryland improperly dismissed his appeal for failure to provide a copy of the trial transcript. ECF 1 at 10–12. Santos Bey argues that his appeal should not have been dismissed because he has a constitutional right to one free copy of the transcript. *Id.* Respondents argue that Santos Bey could have had a free copy of the transcript had he elected to utilize the services of the public defender, but because he chose to proceed pro se he was required to provide the Appellate Court of Maryland with a copy of the transcript at his expense. ECF 19 at 33–41.

---

[7] Federal habeas relief is only available for persons who are in custody pursuant to a judgment of a state court in violation of federal law. *See* 28 U.S.C. § 2254(a). The judgment challenged in Ground Five, the Appellate Court of Maryland's dismissal of Santos Bey's direct appeal due to his failure to provide a transcript, does not fit this definition. Therefore, Santos Bey is not eligible for federal habeas relief on Ground Five.

In *Griffin v. Illinois*, 351 U.S. 12 (1956), the Supreme Court held that the Equal Protection and Due Process Clauses of the Fourteenth Amendment require states to provide indigent defendants with copies of their trial transcripts for appellate purposes. However, in *Miller v. Smith*, 115 F.3d 1136 (4th Cir. 1997), the Fourth Circuit rejected an argument that Maryland's policy of providing a free transcript to those indigent defendants represented by the public defender was unconstitutional. The Fourth Circuit reasoned that use of a public defender as a prerequisite to obtaining a free transcript did not violate the constitution because it "gives indigent defendants an adequate opportunity to present claims on appeal." *Id.* at 1141.

When Santos Bey chose to forgo the services of the public defender for his direct appeal, he also chose to forgo access to a free transcript. Per *Miller*, the state of Maryland satisfied the Constitution by providing Santos Bey with access to a public defender, and it was not required to provide him with a free copy of a transcript as a pro se litigant. Thus, Santos Bey cannot show sufficient cause to excuse the procedural default of the claims included in his direct appeal.[8]

Where Santos-Bey has provided no basis for excusing his procedural default, all ten grounds for relief are not properly before this Court and are dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

---

[8]   Grounds One, Two, Three, Four, Six, Seven, and Eight.

Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Santos Bey has failed to satisfy this standard on any of his claims. Therefore, a certificate of appealability shall not issue.

A separate order dismissing the petition and denying a certificate of appealability follows.

 11/24/25 
Date

Matthew J. Maddox
United States District Judge